### NAPPI v INDUSTRIAL FIRE INSURANCE CO OF AKRON

Ohio Appeals, 2nd Dist, Franklin Co

No 2214. Decided Dec 12, 1932

Vorys, Sater, Seymour & Pease, Columbus, J. F. Cianflona, Columbus, and Byron E. Ford, Columbus, for plaintiff in error.

Crabbe, Johnson, Crabbe & Williams, Columbus, and Garek & Sillman, Columbus, for defendant in error.

ALLREAD, J.

The case has been fully briefed by counsel and the opinion of the trial judge appears in the record. We have carefully considered the record and the briefs of counsel. The question depends upon a construction of a policy of insurance in connection with the pleadings. The petition in error states:

"Plaintiff immediately thereafter on the

31st day of October, 1930, notified said defendant, The Industrial Fire Insurance Company of Akron, Ohio, of said loss and gave said defendant due proofs of said loss as required by said policy of insurance."

The defendant answered upon this point as follows:

"The defendant says that there was no waiver of the several conditions and provisions hereinafter alleged."

In the defense in addition to the statement as to notice under said policy there was this, "nor was said notice and sworn statement waived, nor was the said time for rendering said statement extended by this company in writing or otherwise." '

The reply denied the allegations set forth in the answer.

The evidence tends to show that Nappi met the representatives of the company and that a quarrel ensued as to the responsibility for the fire. The question of responsibility was referred to a state investigator and the case rested there until the expiration of the time fixed in the policy for the filing of proofs of loss. At this time Beatty said to Nappi:

"Nappi, your sixty days elapsed and you didn't make a complete report in writing. You're out of luck."

The question is whether the waiver of proofs of loss was an issue under the pleadings. That the waiver of proofs of loss as stated in the answer and denied by the reply was made an issue and that the proof upon this subject is sustained in the following cases: **Bartley v The National Business Men's Assn., 109 Oh St, 585; Wood v The Connecticut Fire Insurance, 17 N.P. (N.S.), 273; Dunn & Co. v Germania Fire Ins. Co., 8 N.P., 612,** (affirmed without report by the Supreme Court, **52 Oh St, 630**); **United Firemen Insurance Co. v Kukral, 7 C.C., 356**; (affirmed **51 Oh St, 609**); and by the case of **Hartford Accident & Indemnity Co. v Randall, 125 Oh St, 581,** decided by the Supreme Court and handed down on Thursday, Dec. 1, 1932.

It is claimed, however, that a suit on a policy is premature if brought within the period of sixty days after the proofs of loss are filed.

Waiver was expressly raised by the answer of the defendant company.

It was an issue. Under the evidence the jury could have found that the company waived the proofs of loss in writing. If so, the date of the same was the date of the notice to the company and the action could not have been prematurely brought as the petition was filed more than sixty days after the waiver.

The plaintiff was entitled to offer evidence upon either issue under the pleadings. If the evidence tends to show that there was a waiver of the proofs of loss by the investigation by the company upon the merits of the claim, as we think there was, then the motion should have been overruled and the case submitted to the jury. This doctrine would apply as well to the proof of loss as preliminary to the bringing of the action. In other words the proof of loss having been waived by the agent of the company, such waiver would be the date from which the action is to be brought. **Dunn v Germania Ins. Co., 8 N.P., 612**; affirmed **52 Oh St, 639**. Bartley v National Business Men's Association, supra. The **Appel case in 76 Oh St, 52,** is not directly in point because there was no allegation in that case of proof of waiver as in the case at bar.

The case of **Lane v The Anchor Fire Insurance Company,** decided as an unreported case by the Supreme Court in **78 Oh St, 397,** is not necessarily in conflict with this decision. But if it should be so construed then the more recent cases involving waiver and especially the case of Hartford Accident & Indemnity Insurance Company v Randall are in conflict therewith.

The case of **Bartley v Business Association, 109 Oh St, 585,** was a case which involved waiver of proofs of loss as a condition for the bringing of a suit. In the opinion it is said on page 591:

"We think that the right of action of the beneficiary accrued upon the company denying liability, and that no further proof of loss was necessary in the premises, and even adopting the rule that insurance policies are construed strictly against the insurer and most favorable to the insured, or beneficiary, we can reach no other conclusion under the plain provisions of this policy that the limitation of two years provided in §10 is a complete bar to the plaintiff's right to recover, and that no cause of action could be maintained on this policy or certificate after the 20th day of April, 1920."

While this case decided that where proofs of loss were waived the right of action accrued upon the waiver; and if not filed

within the time therein prescribed no liability against the company could be sustained, we think the same principle applies in this case against the insurance company and in favor of the assured.

We therefore hold that the Common Pleas Court was in error in sustaining the motion and dismissing the action on the ground that it was prematurely brought. The motion should have been overruled and the court should have proceeded with the trial. Judgment reversed.

HORNBECK and KUNKLE, JJ, concur.